**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA ROSA GONZALEZ-DE TEJADA, | No. 08-72768 |
| Petitioner, | Agency No. A098-115-966 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Ana Rosa Gonzalez-De Tejada, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the denial of Gonzales-De Tejada's CAT claim, because she has not shown it is more likely than not she will be tortured by or with the consent or acquiescence of the government of El Salvador if she is returned. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

Regarding the denial of Gonzales-De Tejada's asylum and withholding of removal claims, substantial evidence does not support the IJ's finding that there was "no credible evidence the government and police cannot or will not protect" petitioner, because evidence in the country reports indicated, among other things, that witnesses of gang-related violence had been murdered. In addition, substantial evidence does not support the IJ's determination that Gonzalez-De Tejada feared only random violence or crime, because she presented evidence the gangs threatened her with death because she was a witness to gang violence. Further, when the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and

*Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in

*Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I.

& N. Dec. 208 (BIA 2014). Thus, we remand Gonzalez-De Tejada's asylum and

withholding of removal claims to determine the impact, if any, of these decisions,

and for further proceedings consistent with this disposition. *See INS v. Ventura*,

537 U.S. 12, 16-18 (2002) (per curiam). In light of this disposition, we do not

reach the contentions regarding relocation at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**